**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **CAROLE MEEKINS and**<br>**MARK PELTIN**<br><br>     **Plaintiff,**<br><br>**vs.**<br><br>**UNITED SERVICE AUTOMOBILE**<br>**ASSOCIATION, USAA CASUALTY**<br>**INSURANCE COMPANY,**<br>**CHUBB NATIONAL INSURANCE**<br>**COMPANY, and**<br>**FEDERAL INSURANCE COMPANY,**<br><br>     **Defendants.** | )<br>)<br>)<br>)<br>)   **Case No. 25-cv-715-SMY**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiffs Carole Meekins and Mark Peltin filed the instant lawsuit in state court seeking coverage under two insurance policies and asserting breach of contract and vexatious delay claims. Defendant USAA Casualty Insurance Company ("USAA CIC") removed the matter to this Court. Now pending before the Court is Plaintiffs' Motion to Remand (Doc. 25), which Defendants oppose (Docs. 28, 29). For the following reasons, the motion is **GRANTED**.

### Background

Plaintiffs filed this lawsuit in state court on January 23, 2025, naming United Service Automobile Association ("USAA") and Chubb National Insurance Company ("Chubb") as defendants. According to Plaintiffs, the defendants represented that they were incorrectly named and that different corporate entities, USAA CIC and Federal Insurance Company ("Federal"), were the proper defendants. Plaintiffs sought leave of the state court to amend their Complaint to correct the apparent misnomer and substitute what was purported to them as the properly named

defendants.  The state court granted Plaintiffs' motion and Plaintiffs' Amended Complaint naming USAA CIC and Federal as defendants was filed on April 14, 2025.

USAA CIC removed the case to this Court on April 25, 2025 (Doc. 1).  On May 14, 2025, Plaintiffs moved for leave to amend the Complaint to add USAA and Chubb, which Plaintiffs believe are also culpable corporate defendants (Doc. 14).  This Court granted Plaintiffs leave to amend pursuant to Rule 15(a) (Doc. 16).

In the First Amended Complaint, Plaintiffs allege that USAA and USAA CIC executed and delivered an automobile insurance policy to them and that Chubb and Federal executed and delivered to an excess automobile insurance to them.  Plaintiffs further allege the defendants breached their contracts with Plaintiffs by failing to compensate them for their injuries following a reported loss.

On October 6, 2025, Plaintiffs filed the instant motion, alleging USAA was a non-diverse defendant and that remand is therefore appropriate.  Defendants oppose the motion and assert the Court should reconsider its order granting Plaintiffs leave to amend, strike Plaintiffs' First Amended Complaint, and deny Plaintiffs' motion to remand.

## Discussion

When joinder of a nondiverse party would destroy subject matter jurisdiction, 28 U.S.C. § 1447(e) applies and provides the court two exclusive options: (1) deny joinder, or (2) permit joinder and remand the action to state court.  *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 759 (7th Cir. 2009).  In other words, the Court cannot permit joinder of a nondiverse defendant, here USAA, and retain jurisdiction.  *Id.*  In deciding whether to permit post-removal joinder of a nondiverse party, the Court weighs: (1) the plaintiff's motive for seeking joinder, particularly whether the purpose is to defeat federal jurisdiction; (2) the timeliness of the request

to amend; (3) whether the plaintiff will be significantly injured if joinder is not allowed; and, (4) any other relevant equitable considerations. *Schur* at 759.

The fraudulent joinder doctrine is not dispositive in determining whether post-removal joinder is improper; rather, it is another mechanism for a court to utilize in analyzing a plaintiff's motive in joining a nondiverse party. *Schur*, 577 F.3d at 764. Fraudulent joinder is difficult to establish and requires a defendant to demonstrate that, "after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992).

Here, Defendants assert that Plaintiffs' sole motive for seeking joinder of USAA and Chubb is to defeat diversity. However, Plaintiffs maintain they possess evidence showing that USAA and Chubb were involved in the execution and delivery of the policies at issue in this case. Moreover, the policies repeatedly contain references to USAA and Chubb, and Plaintiffs allege that all named defendants vexatiously delayed payment pursuant to the policies. Based on the allegations in the First Amended Complaint and a review of the policies, the Court finds that Defendants have not established that Plaintiffs sole motive for seeking joinder was to destroy diversity.

With respect to the timeliness of Plaintiffs' request to amend, this case was recently filed and removed and is still in the early stages of litigation. Plaintiffs originally filed this action against USAA and Chubb in state court. Plaintiffs moved to reinstate their allegations against USAA and Chubb less than a month after removal on the basis that Plaintiffs sought to name all culpable parties. Plaintiffs have not been dilatory in their request to amend.

Finally, the Court finds that both the third and fourth factors for consideration weigh in favor of Plaintiffs. Generally federal courts are reluctant to deny joinder when its denial will force

a plaintiff to pursue parallel lawsuits in state and federal court. *In re Bridgestone/Firestone, Inc.,* *ATX, ATX II,* 129 F. Supp. 2d 1202, 1206 (S.D. Ind. 2001). And although the diverse defendants have an interest in the federal forum, it does not outweigh Plaintiffs' interest in full recovery. Accordingly, the Court will permit the joinder of USAA and Chubb.

<strong>Conclusion</strong>

For the foregoing reasons, this Court lacks subject matter jurisdiction over Plaintiffs' cause of action; Plaintiffs' Motion to Remand (Doc. 25) is **GRANTED**. The Court **REMANDS** this case to the Twentieth Judicial Circuit, St. Clair County, Illinois. Further, the motions to dismiss filed by USAA and Chubb (Docs. 19, 24) are **TERMINATED as MOOT**.

**IT IS SO ORDERED.**

**DATED: December 10, 2025**

**STACI M. YANDLE**
**United States District Judge**